# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MARK F. SACCENTE, DENNIS STEPHENS,
TOTAL NET CONNEX TECHNOLOGIES, INC.,

                Plaintiffs,

-vs-                                       Case No. 2:09-cv-448-FtM-36SPC

US STARCOM, INC., SIGMA CAPITAL
PARTNERS, LLC., a.k.a/d.b.a. SIGMA
OPPORTUNITY FUND, JOHN DIDOMENICO,
ROBERT STEINBERG, JOSEPH BETRO, US
STARCOM BOARD OF DIRECTORS,

                Defendant.
_____/

## ORDER

This matter comes before the Court on the Defendants' Objection and Protective Order Appeal from Order of the Magistrate Judge Dated December 10, 2009, Denying Defendant's Motion to Disqualify Counsel for Plaintiffs (Doc. #61) filed on December 24, 2009. The Plaintiff filed his Response in Opposition (Doc. # 62) on January 7, 2010. The District Court requested that this Court review the matter as a motion for reconsideration. The Court will therefore construe the Objection as a reconsideration of the undersigned's previous Order.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new

evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts of law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Board of Hillsboro County, Florida, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Defendant states that the Court found that Atty. Henrich did indeed represent the Plaintiff on some issues in the ITS case and should be disqualified on that basis. However, the Court never stated that Henrich should be disqualified under Fla. P. R. 4-1.10 but was merely summarizing the Defendants position on the issue at the hearing. What the Court found was that Atty. Henrich did work on the ITS case but not on matters pertaining to the fraud allegations involved in the instant case.

In its Order denying the Motion to Disqualify, the Court found that Atty. Henrich's had withdrawn from the ITS case. The Defendant objects to that ruling arguing that the ruling on Florida Rule of Judicial Administration 2.505(e)(1) was erroneous. Under Fla. R. Jud. Admin. 2.505(e)(1) for an attorney to make an appearance in a case, the complaint must be filed and the defendant served with the summons and compliant. In the ITS case, the Defendant was never served. Atty. Henrich had informed the Defendant he was withdrawing and the Defendant subsequently terminated his representation. Although the Circuit Court did not issue an order dismissing Atty. Henrich from the case, the Defendant was never served, and as a result, the Court found that Atty. Henrich never made a formal appearance. Therefore, this Court concluded Atty. Henrich did not need the state court's permission to withdraw.

The Defendant now states the Court's ruling conflicts with 5 Fla. Prac., Civil Practice § 6:1 which states that the filing of a pleading or court paper by a member of the bar on behalf of a party generally constitutes an appearance as counsel for that party. The Defendant argues that Atty. Henrich filed papers on its behalf before the summons was served, and therefore, he appeared in the case. The Defendant's reliance on Fla. Prac. § 6:1 is misplaced because Florida Practice is a secondary source and, therefore, not as persuasive.

The Defendant's argument that the Court did not recognize the significance of the communication between the Plaintiff Saccente and Atty. Henrich lacks merit. The Defendant was allowed to make arguments regarding those communications at the hearing on the matter and the Court found those arguments to be unpersuasive.

The Defendants argument that the Court did not consider all of the allegations in the amended complaint and therefore, missed the connection between this action and the ITS case, is also

unpersuasive. The Defendants argue that confidences were disclosed to Atty. Henrich that can now be used against them. That argument was also put forth at the hearing and the Court found them to be unpersuasive. A motion for reconsideration is not an opportunity to simply rehash previously presented arguments.

In its Objection/ Reconsideration the Defendant argues that the Magistrate Judge did not allow testimony but only allowed legal argument at the hearing held on the Motion to disqualify. The undersigned found that testimony was not needed in this matter and as such the objection is insufficient to move the Court to overturn its previous ruling denying the disqualification.

Based upon the Defendant's objections the Court's Order Denying the Motion for Disqualification, the Court finds that the Defendant's objections are not well taken and the Motion for Reconsideration is due to be denied.

Accordingly, it is now

**ORDERED:**

The Defendants' Objection and Protective Order Appeal from Order of the Magistrate Judge Dated December 10, 2009, Denying Defendant's Motion to Disqualify Counsel for Plaintiffs (Doc. #61) construed as a Motion for Reconsideration is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of February, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record